[Civ. No. 21773.   Second Dist., Div. One.   Sept. 11, 1956.]

CALIFORNIA BANK (a Corporation), Respondent, v. HERBERT DIAMOND et al., Defendants; E. B. CORBIN, Appellant.

Hy Schwartz for Appellant.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Respondent.

NOURSE (Paul), J. pro tem.*—Appellant E. B. Corbin is one of the defendants in an action brought by respondent for declaratory and other relief. Appellant appeals from a money judgment rendered against him in the amount of $672.75, which was the full amount sought by the complaint.

Appellant makes five assignments of error. We shall treat of them in the order in which they are set forth in the brief.

Appellant's first two points may be treated together as the second is but a corollary of the first. His first point is that the complaint does not state facts sufficient to state a cause of action for declaratory relief; his second point is that inasmuch as the complaint does not state a cause of action for declaratory relief, the court did not have jurisdiction to render the money judgment against him.

There is no merit in these points. By its complaint, the plaintiff alleged that prior to September 4, 1954, the defendant H. Grabell and Sons of California (hereinafter called Grabell) executed and delivered to the defendant Diamond a check dated September 15, 1952, in the amount of $672.75 drawn upon plaintiff bank; that on the 4th of September, 1952, Grabell delivered to the plaintiff bank a written order to stop payment upon its said check; that on February 5, 1954, appellant caused the check to be presented to respondent for payment, and at that time it bore the endorsements of Diamond and Corbin, and plaintiff thereupon paid said check through the clearing house; that said check had been negotiated from Diamond to Corbin at some time between the date of its execution and delivery to Diamond and prior to the payment of said check by respondent; that prior to the negotiation of said check by Diamond to appellant the date of the check had been changed from September 15, 1952, to September 15, 1953; that on the 3d of March, 1954, defendant Grabell demanded of respondent return of said sum of $672.75, and thereupon plaintiff made demand upon Corbin for the return of said sum, and also made demand upon

---

*Assigned by Chairman of Judicial Council.

Diamond for the return to plaintiff or Grabell of said sum, but neither had returned any portion of said sum to either respondent or Grabell; that an actual controversy existed between respondent and the defendant concerning their respective rights under the check and under the circumstances, in that if Grabell was indebted to Diamond or to Corbin at the time respondent paid the check, or if Corbin was a holder for value at the time of the payment of said check, Grabell was not entitled to reimbursement in the amount of said check from respondent, but that if Grabell was not indebted to the defendant Diamond or appellant Corbin at the time the said check was paid, Grabell was entitled to reimbursement from respondent and respondent was entitled to reimbursement from Diamond and Corbin.

The respondent prayed that a judgment be rendered declaring the respective rights and duties of the parties, and that if it be determined that plaintiff was liable to Grabell it should also be determined that Diamond and Corbin were liable to plaintiff.

It is evident from this statement that the allegations of the complaint showed that actual controversies existed between respondent and Grabell and between Grabell and the other defendants and between respondent and the other defendants, and that these controversies arose out of the check and the circumstances of its negotiation. It thus stated a cause of action for declaratory relief, and while the court may under certain circumstances, in its discretion, refuse to accept jurisdiction and declare the rights of the parties (*Lord* v. *Garland,* 27 Cal.2d 840 [168 P.2d 5] ; *Pacific Electric Ry. Co.* v. *Dewey,* 95 Cal.App.2d 69 [212 P.2d 255] ; *Schessler* v. *Keck,* 125 Cal.App.2d 827 [271 P.2d 588]) it is not obligated to so exercise its discretion where the complaint shows that an actual controversy does exist; and in a case such as this where a multiplicity of actions would result unless the rights of the parties were first declared and relief given accordingly in the same action, it would be an abuse of discretion to deny relief (*Kessloff* v. *Pearson,* 37 Cal.2d 609 [233 P.2d 899] ; *Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753 [161 P.2d 217, 162 A.L.R. 747]).

The complaint having stated a cause of action for declaratory relief, the court had jurisdiction of the entire matter and jurisdiction to render the money judgment here appealed from.

Appellant's third point is that the court committed

error in overruling his objections to certain testimony. He first complains that the witness Johnson, an officer of plaintiff bank, was permitted to identify the stop-payment order received by respondent from Grabell over his objection that it was ''irrelevant, incompetent, immaterial, hearsay and not binding'' on the defendant Corbin. That the evidence was material is self-evident, and it is likewise evident that it was not hearsay inasmuch as the witness did not testify to any conversation but merely to a fact—to wit, the receipt of the stop-payment order by the bank, and the fact that when received it had been signed by Grabell.

Appellant next complains that the defendant Grabell was permitted to testify that neither he nor his corporation had been indebted to Diamond, over his objection that the question called for the conclusion of the witness and was hearsay. The question did not call for hearsay, nor did the answer given constitute hearsay. The fact as to whether Grabell was indebted to Diamond was a circumstance directly connected with and determinative of the controversies between the parties and the declaration of the rights and obligations which the court was called upon to make. It was therefore a part of the res gestae and was not objectionable as hearsay. Further, the question did not call for any conversation, but for a fact within the knowledge of the witness.

In a sense, the question did call for the conclusion of the witness; but the lack of indebtedness is a fact within the knowledge of the witness which he necessarily draws not from the existence of any fact but from the very want of facts. Here unless the witness were allowed to testify to the ultimate fact of there being no indebtedness, he would have to testify, in order to establish that fact, to the want of innumerable relationships[1] which might give rise to a debtor-creditor relationship. Practicality and common sense should govern in applying the rules of evidence, and we think it was within the discretion of the trial court to admit this evidence and allow the appellant to cross-examine the witness to bring out any facts from which a contrary conclusion might be drawn by the court (19 Cal.Jur.2d 14). The court here did not in anywise limit the appellant's right to cross-examine the witness nor did the appellant attempt to cross-examine so

[1] Lender and borrower, employer and employee, lessor and lessee, vendor and vendee, buyer and seller—all of these, as well as others, might give rise to the debtor-creditor relationship and therefore to indebtedness.

as to establish facts from which the conclusion of indebtedness might be drawn.

Appellant next contends that finding XII of the trial court is contrary to the evidence. This assignment of error is entirely defective in form inasmuch as appellant makes no attempt to direct our attention to the evidence given upon the subject of the character of Diamond's title to the check or of Corbin's knowledge of it, and we would be justified in ignoring this assignment of error. We have, however, examined the transcript and find that the finding is amply sustained by the evidence.

By the finding in question, the court found that at the time Corbin took the check from Diamond, Corbin had notice of an infirmity in the instrument and a defect in the title of Diamond. By finding X the court had already found that there was an infirmity in Diamond's title in that he received the check subject to an agreement on his part that he would not negotiate it until certain machinery had been delivered to Grabell, and that this machinery was not delivered. Corbin testified that at the time he purchased the check from Diamond, Diamond told him of the conditions upon which he held the check and told him that he was not then entitled to cash it. ■ Corbin thus had actual notice of an infirmity in Diamond's title and did not become a holder in due course (Civ. Code, § 3133, subd. (4); § 3137; *Newton Nat. Bank* v. *Strand Baking Co.*, 224 Iowa 536 [277 N.W. 491]; *Anthon State Bank* v. *Bernard*, 198 Iowa 1345 [201 N.W. 59, 61]; *C.I.T. Corp.* v. *Smith*, 318 Ill.App. 642 [48 N.E.2d 735]; *General Securities Co.* v. *Sunday School Pub. Board*, 22 Tenn. App. 590 [125 S.W.2d 160]; *West* v. *First Baptist Church of Taft*, 123 Tex. 388 [71 S.W.2d 1090, 1093]).

The court made further findings that Corbin did not act in good faith in purchasing the check and in failing to make inquiry of Grabell concerning the check; but these findings are of no importance inasmuch as the evidence clearly shows actual knowledge on Corbin's part of the infirmity in Diamond's title.

■ The last assignment of error made by appellant concerns finding XIII. By this finding the court found that the bank paid the check to Corbin by mistake. Appellant's attack on this finding is twofold. He first claims that it is beyond the issues raised by the pleadings. It is true that the complaint does not use the word *mistake* and that it is far from a model pleading insofar as alleging mistake is con-

cerned. It, however, alleged probative facts from which the ultimate fact of mistake could be inferred, and it was therefore sufficient to tender that issue; and the finding was not beyond the issues raised and tried.

Appellant next contends that there was no evidence to support the finding. But the evidence shows the receipt of the stop notice by the bank, and its knowledge of it and the payment of the check; and the court was justified in drawing the inference that the bank must have acted inadvertently in paying the check despite the notice which was in its files. There is no merit in the assignment of error.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied September 28, 1956.