[Civ. No. 17367.   First Dist., Div. Two.   July 16, 1957.]

WESTERN MOTORS SERVICING CORPORATION (a Corporation), Respondent, v. LAND DEVELOPMENT AND INVESTMENT COMPANY (a Corporation), Appellant.

Theodore M. Monell and John H. Smissaert for Appellant.

McInnis, Hamilton & Fitzgerald, John W. McInnis and William T. Fitzgerald for Respondent.

KAUFMAN, P. J.—Plaintiff Western Motors Servicing Corporation, as lessee, filed this action for declaratory relief claiming that defendant, Land Development Investment Company, lessor, had the duty of replacing certain allegedly worn-out parts of an elevator in the building rented by the plaintiff from the defendant. Plaintiff is a corporation and is the lessee of a building in the city and county of San Francisco, owned by the defendant, used by Western Export Packing Corporation, a California corporation, which is engaged in the export shipping business, wholly owned by plaintiff. The trial court, after overruling the defendant's general and special demurrers, found that the lessee had standing to sue, had kept the elevator in repair up to the time of trial and that by a preponderance of the evidence the elevator was beyond repair, and concluded that it was the duty of the lessor to replace the necessary parts. This appeal taken by the defendant-lessor from the judgment in declaratory relief for plaintiff-lessee presents the following questions:

(1) Is there a sufficient controversy to entitle the plaintiff to declaratory relief pursuant to Code of Civil Procedure, section 1060?

(2) Is there sufficient evidence to sustain the finding of the trial court that the elevator could not be repaired?

(3) Is the trial court correct in its interpretation of the covenant in the lease as placing the burden on the lessor?

The facts are not in dispute. The relevant portions of the five year lease, signed on June 15, 1953, are as follows:

"FIFTH: That the Lessee will, at his sole cost and expense, keep and maintain the said premises and every part thereof, including sidewalks fronting thereon, but excepting the roof and sidewalls (which the Lessor agrees to repair), but including glazing and the interior of the premises, in good and

sanitary order, condition and repair, hereby waiving all right to make repairs at the expense of the Lessor as provided in Section 1942 of the Civil Code of the State of California, and all rights provided for by Section 1941 of said Civil Code.

"SIXTH: By entry hereunder, the Lessee acknowledges that the said premises, and every part thereof, and all window glass or other glazing, . . elevators, . . . and other fixtures . . . are at the date of such entry complete and in good order, condition and repair; and that on the last day of the said term or other sooner termination of this lease, the Lessee will peaceably and quietly leave, surrender and yield up to the Lessor all and singular the said premises, with the said appurtenances and fixtures, in good order, condition and repair, reasonable use and wear thereof and damage by act of God or by the elements excepted.

"NINTH: That the Lessee, during the entire term of this lease, shall, at his own cost and expense, keep all elevators in or upon the demised premises in good order, condition and repair, . . ."

At the trial, the plaintiff's witness testified that the elevator had been out of commission approximately seven months, and had been serviced by Atlas Elevator Company on behalf of the plaintiff. He also testified that he had attempted to have the dispute settled with the representatives of the defendant, but they refused to go to the premises or discuss the matter.

(1) Is there a sufficient controversy to entitle the plaintiff to declaratory relief under Code of Civil Procedure Section 1060?

■ The defendant argues that, as the provisions of the lease are susceptible of but one conclusion, there is only a difference between the parties as to the construction of the instrument, and not such a difference in the factual situation to create a bona fide controversy between the parties, within the meaning of the statute. It has been held in this state, however, that declaratory relief is available if the existence of a dispute is alleged. (*Gaglione* v. *Coolidge,* 134 Cal.App.2d 518 [286 P.2d 568]; *Bess* v. *Park,* 132 Cal.App.2d 49 [281 P.2d 556].) In *Taliaferro* v. *Taliaferro,* 125 Cal.App.2d 419 at page 427 [270 P.2d 1036], this court pointed out that the purpose of an action for declaratory relief was to obtain an interpretation of a contract. ■ It is also clear that entertainment of an action for declaratory relief is a matter within the sound discretion of the court and is not reversible on appeal, except for

an abuse of discretion. (*Pacific Electric Ry. Co.* v. *Dewey,* 95 Cal.App.2d 69 [212 P.2d 255].)　　In *International etc. Teamsters* v. *Bekins etc. Co.,* 135 Cal.App.2d 692 [288 P.2d 181], and *Merkley* v. *Merkley,* 12 Cal.2d 543 [86 P.2d 89], relied upon by the defendant, there were no facts to show an enforceable contractual right in the plaintiff. In *Gillies* v. *La Mesa etc. Irr. Dist.,* 54 Cal.App.2d 756 [129 P.2d 941], in affirming the declaratory relief granted, the court said at page 762: "An action for declaratory relief lies when there is an actual bona fide dispute between the parties as to a legal obligation arising under the circumstances specified in section 1060 of the Code of Civil Procedure. There must not only be a dispute between the parties but that controversy must be judicable. The plaintiffs must show that the dispute presents a question to which there is more than one answer." We believe this test has been met here, and that there has been no abuse of discretion on the part of the trial court. There is, therefore, no merit in the first contention of the defendant.

　　(2) Is there sufficient evidence to sustain the trial court's finding that the elevator could not be repaired?

The defendant contends that there is no evidence whatsoever to support the above finding of the trial court. He produced no witnesses at the trial to controvert the evidence produced by the other side. The plaintiff's witness, Ray L. Whalen, a mechanical engineer for Atlas Elevator which had been repairing and servicing the elevator in question at the request of the plaintiff, testified that the motor of the elevator was worn out and needed replacement. He further testified as follows:

"Q. May we have the answer? A. I believe it would be more expensive to repair it than to replace it.

"Q. And as you answered, Mr. Monell, the plates could be made in a foundry and things could be forged so that you could rebuild this by means of repair or you could buy the unit, replace it; is that correct? A. That's right.

"Q. And the latter, of course, of forging plates, rebuilding, remaking, would be more expensive than the unit itself and replacement, is that correct? A. That's right.

"THE COURT: Q. Well, I understood, according to your testimony that you gave me before, which I had written down, that it could not be repaired in its present condition. A. Well, if I said that, it was wrong, Your Honor. Actually, we would make no attempt to repair it in its present condition, it is that badly worn."

As there was no other evidence produced as to this matter, we think there is substantial evidence to support the trial court's finding. There is, therefore, no merit in the defendant's second contention.

(3) The final and chief question in this case is whether the covenants in the lease place the burden of replacing the worn-out elevator parts on the lessee or on the lessor.

The defendant-lessor contends that the plaintiff-lessee here has the option of leaving the elevator in its present condition and claiming that the condition is due to ordinary wear and tear or making the necessary repairs. The defendant relies on *Strecker* v. *Barnard* (1952), 109 Cal.App.2d 149 [240 P.2d 345], for the familiar rule that in the absence of fraud or concealment, no duty is owed by a landlord to make repairs or to prepare the premises for the use of the tenant, and on a number of cases which are not relevant here, as well as certain authorities from other jurisdictions in which courts have come to the conclusion that the word "repair" also includes the replacement of worn-out parts of a structure. ■ In this state, however, as elsewhere, it has been held that covenants to repair in a lease are general covenants and that the lessee is not obligated to rebuild where part of the rented premises is destroyed through no fault of his. (*Realty & Rebuilding Co.* v. *Rea* (1920), 184 Cal. 565 [194 P. 1024].) In the above case, the court said at page 576, in interpreting the words, "repair" and "keep in repair" that a covenant to repair, even in the most general terms, "does not constitute an agreement to rebuild unless the term 'repair' means also to replace. It has no such meaning in its normal sense. To repair means to mend an old thing, not to make a new thing."

■ However, even though the tenant is under no duty to replace but only to repair, this does not mean that the landlord is under a duty to replace. The lease here only requires the landlord to repair the roof and sidewalls of the building and to repair in case of a partial destruction of the premises. No duty is cast upon it to replace the elevator. The lessee has the option of leaving the elevator in its present condition and surrendering the premises at the termination of the lease as is.

Paragraph Ninth of the lease clearly negatives any duty on the part of the lessor to keep the elevator in good order, condition and repair. There being no duty, no obligation exists on the part of the lessor.

We conclude that the trial court erred in declaring the rights of the parties and accordingly the judgment must be reversed.

Judgment reversed.

Dooling, J., and Draper, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 11, 1957.