[Civ. No. 24861.   Second Dist., Div. Two.   Dec. 19, 1960.]

W. C. STROZIER, Appellant, v. L. V. WILLIAMS et al., Respondents.

H. L. Sacks for Appellant.

Welford R. Wilson for Respondents.

KINCAID, J. pro tem.*—Appeal is taken from a judgment of dismissal following the sustaining of a demurrer to plaintiff's fourth amended complaint without leave to amend. Defendants had interposed both general and special demurrers to the original and to each of the amended complaints of plaintiff. Upon the overruling of the general demurrer and the sustaining of the special demurrer to the third amended complaint plaintiff was given leave to amend. He thereupon filed a fourth amended complaint identical with his third amended complaint. In response to defendants' demurrer plaintiff's attorney stated in open court that he could allege no additional ultimate facts. The sustaining of the demurrer without leave to amend and the judgment of dismissal followed.

Plaintiff's fourth amended complaint is set forth as one cause of action and is entitled "For Declaratory Relief and Damages." Plaintiff averred therein that until August 12, 1958, and for a period of 10 years before, he was the owner and was occupying certain real property in the city of Los Angeles; that a certain mortgage company had instituted

---

*Assigned by Chairman of Judicial Council.

proceedings to foreclose a second trust deed on said property and that plaintiff had filed a declaratory relief action against said encumbrance holder. About August 8, 1958, plaintiff's attorney entered into an agreement with the attorneys for said encumbrance holder that the foreclosure sale might take place and that plaintiff would bid at said sale $3,500, being the full amount of said encumbrance, but would only pay the sum of $1,400 and would give a dismissal of certain actions previously filed by plaintiff. Defendant Williams represented to plaintiff that defendant Deckard would purchase said real property for $8,000, would pay plaintiff the sum of $2,800 in cash and assume the first trust deed of $5,200; that said $2,800 was in the bank and that it would be paid to plaintiff as soon as the deed was ready to be delivered. Plaintiff, relying on the promise of Williams, authorized the trustee in foreclosure to make the deed to Deckard but instructed him to deliver the deed to plaintiff's attorney and that the deed would be turned over to defendants only upon payment of said $2,800. On August 12, 1958, Williams went to the office of the trustee in foreclosure and falsely represented to him that he was sent by plaintiff's attorney; said trustee, believing that the deed would be delivered to plaintiff, gave the deed to Williams; the latter thereupon proceeded to file said deed of record and to transfer the first trust deed to Deckard without performing his part of the agreement of paying the monies due thereunder. Defendants claim an estate or an interest in said real property adverse to the plaintiff by reason of the trustee's deed. Defendants threatened and intimidated plaintiff and by reason thereof, plaintiff moved from said premises. That Deckard obtained a judgment in small claims court against plaintiff and recorded an abstract thereof which is a cloud on plaintiff's property.

Plaintiff thereupon prayed judgment that defendants be required to set forth the nature of their claims and that all adverse claims of defendants may be determined by decree of court; that it be declared that defendants have no estate or interest whatever in or to said real property and plaintiff be awarded actual damages of $2,500 and exemplary damages of $5,000.

Defendants, in their demurrers to plaintiff's said amended complaints urged, among other grounds, that there was a misjoinder of causes of action in that complaint seeks to join several independent causes; that it cannot be ascertained therefrom whether the agreement between plaintiff and de-

fendants was written or oral or whether the representations of defendants were written or oral and that there is no allegation of an actual or present controversy between the parties.

It is the general rule that, where a complaint is good as against a general demurrer and any uncertainties or ambiguities in the pleading which are the subject of special demurrer can be corrected by amendment, it is erroneous for the trial court to sustain the demurrer without leave to amend. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 718, 719 [128 P.2d 522, 141 A.L.R. 1358] ; *Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 762 [161 P.2d 217, 162 A.L.R. 747].)

While plaintiff's third and fourth amended complaints may not be considered as model pleadings, they do sufficiently allege the existence of an actual controversy so as to state a cause of action in declaratory relief. Among other allegations, plaintiff, in effect, charges defendants with fraudulently violating their agreement to pay plaintiff the sum of $2,800 in cash as soon as the deed to his real property was ready to be delivered following the foreclosure sale. Instead of paying as agreed, it is alleged that defendants obtained possession of said deed by means of false representations and thereupon recorded it without paying plaintiff the agreed consideration therefor, thus obtaining title to and claiming an interest in said real property adverse to plaintiff.

Our declaratory relief statute (Code Civ. Proc., § 1060) provides for the bringing of an action by any person interested under a deed, will or other written instrument or a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over, or upon property, in cases of actual controversy relating to the legal rights and duties of the respective parties.

The rule that a complaint is to be liberally construed is particularly applicable to one for declaratory relief. (*Foster* v. *Masters Pontiac Co.,* 158 Cal.App.2d 481, 486 [322 P.2d 592].) It is the general rule that in an action for declaratory relief the complaint is sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a deed, will or other instrument, or under a contract and requests that the rights and duties be adjudged. If these requirements are met, the court must declare the rights of the parties whether or not the facts alleged establish that the

plaintiff is entitled to a favorable declaration. (*Bennett* v. *Hibernia Bank*, 47 Cal.2d 540, 549-550 [305 P.2d 20].)

A judicable dispute is here sufficiently alleged charging the existence of an actual controversy relating to alleged fraudulent acts of defendants concerning both a deed and a contract and declaratory relief is available to plaintiff herein. (*Western Motors Servicing Corp.* v. *Land Dev. & Inv. Co.*, 152 Cal.App.2d 509, 511 [313 P.2d 927].) It follows, therefore, that there has been no misjoinder of causes of action such as to warrant a granting of the special demurrer upon this ground.

Another ground of special demurrer herein is that it cannot be ascertained whether the agreement between plaintiff and defendants was written or oral. This argument is based upon subdivision 10 of section 430, Code of Civil Procedure: "That, in actions founded upon a contract, it cannot be ascertained from the complaint, whether or not the contract is written or oral." We deem this to be an action growing out of fraud and not one founded upon a contract; hence the said subdivision of section 430 is not applicable and this ground of special demurrer was not well taken.

As additional grounds of special demurrer defendants complain of uncertainty, ambiguity and unintelligibility in that from said amended complaints they cannot ascertain whether defendants' claim is without right or on which promise or representation the reliance of plaintiff is based. These matters are set forth with sufficient particularity and precision to acquaint the defendants with the nature, source and extent of his cause of action. He need not particularize matters presumptively within the knowledge of the demurring defendants. (*Smith* v. *Kern County Land Co.*, 51 Cal.2d 205, 209 [331 P.2d 645].)

The judgment is reversed and the cause remanded, with directions to the trial court to overrule the demurrer to the fourth amended complaint and to grant a reasonable time within which defendants may answer if so advised.

Fox, P. J., and Ashburn, J., concurred.