[Civ. No. 44986. Second Dist., Div. One. Apr. 29, 1975.]

RICHARD WARREN, Plaintiff and Appellant, v.
KAISER FOUNDATION HEALTH PLAN, INC., Defendant and
Respondent.

COUNSEL

Grenert & Echan, Grenert, Echan & Ross and Michael A. Ross for Plaintiff and Appellant.

Thelen, Marrin, Johnson & Bridges, W. Glenn Cornell and James W. Baldwin for Defendant and Respondent.

OPINION

THOMPSON, J.—This appeal from a judgment (order) of dismissal entered after respondent's demurrer was sustained to appellant's complaint for declaratory relief with leave to amend involves: (1) the propriety of declaratory relief as a remedy where a breach of contract is alleged; and (2) the sufficiency of the complaint in indicating appellant's right to a declaration in his favor. We conclude that the complaint adequately alleges that a declaratory judgment is appropriate to avoid multiplicity of litigation and to construe a contract creating a continuing relationship despite the breach of the contract by respondent and that the contract may, at trial, properly be construed as one of adhesion granting to appellant the rights for which he contends. Accordingly, we reverse the judgment.

Since the judgment results from trial court action sustaining a demurrer to appellant's complaint, we treat the allegations in that pleading as true for the purposes of this appeal. Respondent (Kaiser) is a nonprofit corporation offering health care services to "members" of its health plan. Appellant became a member of Kaiser's plan by reason of a "Group Medical and Hospital Service Agreement" between the Los

Angeles Unified School and City Junior College Districts and Kaiser. By reason of appellant's membership, his wife and children also became members of the Kaiser plan.

Kaiser is obligated by the terms of the written contract to furnish medical care to members of the plan but "only by Physicians and Hospitals as defined [in the written plan]." "Hospitals" are defined as those which have contracted with Kaiser, and "Physicians" are specified as those who are members of a medical group which has similarly contracted. "Medical Office" is defined as an outpatient facility staffed by such a medical group.

A "Schedule of Benefits," incorporated in the written contract, includes a segment entitled "L. Out of Area Benefits." Subsections 1 and 2 of that segment provide for a monetary coverage to a maximum of $1,000 reimbursement of medical expense arising out of accidental injury or emergency illness occurring "more than thirty (30) miles from [the member's] residence and outside the Service Area." "Service Area" is defined as the portion of Los Angeles, Ventura, San Bernardino, Orange, and Riverside Counties within 30 miles of a hospital or medical office under contract with Kaiser. The coverage included, in subsections 1 and 2 of segment L, provides reimbursement for emergency medical, hospital, and ambulance service. Subsection 1 is entitled "Accidental Injury Outside Service Area" and subsection 2 is denominated "Emergency Illness Outside Service Area." Subsection 3 of segment L bears the caption "Continuing or Follow-up Treatment." It states: "Monetary payment on account of accidental injury or emergency illness shall be limited to emergency care required before the Member can, without medically harmful or injurious consequences, return to the Southern California Service Area or a Hospital or Medical Office in the nearest Service Area. Benefits for continuing or follow-up treatment shall be provided only at an appropriate Hospital or Medical Office in the nearest Service Area."

On August 22, 1973, while covered by the Kaiser plan, appellant's wife Kathleen Warren and two children were involved in a serious automobile accident. The children burned to death in a resulting fire which consumed the wrecked automobile, while Kathleen Warren was burned over 70 percent of her body. Rendered unconscious by the injury, Mrs. Warren was not able to request that a fire department emergency ambulance crew arriving at the scene take her to a Kaiser facility. The rescue ambulance took her to the Sherman Oaks Community Hospital,

the most accessible hospital equipped to render medical care to critical burn victims.

Appellant contacted Kaiser "seeking affirmation" that the Kaiser plan would reimburse for expenses incurred in the treatment of Mrs. Warren at Sherman Oaks Community Hospital. On August 31, Kaiser wrote appellant denying liability for Mrs. Warren's treatment on the theory that expenses at other than a Kaiser contract hospital and charges by physicians not under contract with Kaiser were not reimbursable. Kaiser expressed the "hope" that Mrs. Warren could be transferred to a Kaiser hospital "without undue delay." Mrs. Warren could not be transferred from Sherman Oaks Community Hospital because of her critical condition.

Mrs. Warren remained at Sherman Oaks Community Hospital until September 10 when she died of her injuries. In the 20-day period after the accident, appellant incurred over $19,000 in medical and hospital expenses incident to the treatment afforded his wife.

On October 11, 1973, appellant demanded that Kaiser reimburse him for $2,000 of the medical and hospital expense which he had paid, and that Kaiser pay the remainder of the expenses incurred. Kaiser denied coverage on October 31 by a letter from its counsel stating: "The relevant Kaiser Foundation Health Plan, Inc. Contract provides that medical and hospital services be rendered at designated facilities. In any event, Mr. Warren should have requested immediate transfer of his wife to the nearest Kaiser Foundation Hospital, such as the Panorama City facility."

Ignoring the opportunity presented by the October 31 letter that might have impelled a more avaricious plaintiff to assert a "bad faith denial of coverage" claim, appellant, on February 11, 1974, filed the action in declaratory relief which commenced the case at bench. The action was filed to secure an interpretation of pertinent coverage by the Kaiser contract as a speedy resolution of the controversy between the parties in order to avoid the multiplicity of actions that would otherwise result, as the persons and entities that had rendered medical and hospital services to Mrs. Warren sued appellant and appellant cross-complained against Kaiser.

Kaiser demurred to appellant's complaint, asserting that it does not state a cause of action in declaratory relief because: (1) the cause of action asserted is on a matured claim which should be adjudicated in

another form of action; and (2) appellant's claim for reimbursement is not covered by the Kaiser plan. The trial court sustained the demurrer, granting appellant 30 days leave to amend. Appellant did not amend and the action was dismissed. This appeal followed.

The trial court erred in sustaining the demurrer since neither ground of demurrer is well founded.

Code of Civil Procedure section 1060 provides: "Any person interested under a . . . contract . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action in the superior court . . . for a declaration of his rights and duties in the premises, including a determination of any question of construction . . . arising under such . . . contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time . . . ." The broad scope of Code of Civil Procedure section 1060 is limited by section 1061 which states: "The court may refuse to exercise the power granted . . . in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

The discretion to refuse to entertain an action in declaratory relief vested in the trial court by section 1061 is not unlimited. It may be exercised only when there is a basis in fact for the conclusion that the declaration is not necessary or proper. (*Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 762 [161 P.2d 217, 162 A.L.R. 747]; 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 720.) Here there is an inadequate factual basis for the conclusion drawn by the trial court.

Any doubt should be resolved in favor of granting declaratory relief. (3 Witkin, Cal. Procedure (2d ed.) Pleading, § 721.) While the court may refuse to entertain the action where "the rights of the complaining party have crystallized into a cause of action for past wrongs, [and] all relationship between the parties has ceased to exist . . ." (*Travers* v. *Louden,* 254 Cal.App.2d 926, 929 [62 Cal.Rptr. 654]), it may not exclude the action where the alternative remedy of suing upon the matured breach is not as "speedy and adequate or as well suited to the plaintiff's needs as declaratory relief." (*Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, 732 [146 P.2d 673, 151 A.L.R. 1062]; 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 724.) A lawsuit for breach of contract is neither as speedy and adequate nor as well suited as declaratory relief to

the plaintiff's needs where, despite the breach, a relationship between the parties continues so that a declaration may guide their future conduct (*Columbia Pictures Corp.* v. *DeToth, supra,* 26 Cal.2d 753; *Ermolieff* v. *R.K.O. Radio Pictures,* 19 Cal.2d 543, 549 [122 P.2d 3]), or where the use of declaratory relief will avoid a multiplicity of suits that may ensue if a different remedy is pursued (*California Bank* v. *Diamond,* 144 Cal.App.2d 387 [301 P.2d 60]; see also *Bridges* v. *Cal-Pacific Leasing Co.,* 16 Cal.App.3d 118, 127 [93 Cal.Rptr. 796]).

■ Here, although the complaint claims that Kaiser breached its contract, it also shows on its face that the relationship between appellant and Kaiser is a continuing one since appellant continued to be a member of the plan after the claimed breach. A declaration of the right of a member of the plan for reimbursement of medical expense incurred in an emergency so grave as to preclude access to Kaiser contract hospitals and physicians will guide the future conduct of the parties. If nothing else, a declaration in Kaiser's favor will be the warning that the plan may not be adequate to the needs of its members, including appellant.[1] Here, also, the remedy of declaratory relief will avoid multiplicity of litigation. Appellant has incurred substantial obligations for the care of his late wife. If those obligations must be reimbursed by Kaiser, threatened lawsuits by those who provided the medical and hospital care will be avoided.

In summary, appellant pleaded a controversy concerning the construction of the contract creating the Kaiser plan and facts establishing the proposition that declaratory relief is faster, more adequate, and better suited than would be an action for breach of contract. Under those circumstances, the trial court was in error in exercising its discretion to deny the remedy.

The trial court's error was prejudicial. ■ While Code of Civil Procedure section 1060 entitles a plaintiff suing pursuant to its provisions to a declaration of rights and duties even if the eventual declaration may be adverse (*Bennett* v. *Hibernia Bank,* 47 Cal.2d 540 [305 P.2d 20]; 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 730), error of the trial court in refusing to entertain the action is nevertheless not prejudicial if it is clear from the face of the complaint that the plaintiff's position is

---

[1]Respondent argues that the relationship of Mrs. Warren with Kaiser terminated with her death. The argument ignores the proposition that Mrs. Warren's relationship with Kaiser was derivative from her husband's participation in group coverage and that Mr. Warren's relationship is not shown to have terminated.

untenable and that a declaration adverse to the plaintiff will end the matter. (*Haley* v. *L. A. County Flood Control Dist.*, 172 Cal.App.2d 285, 293 [342 P.2d 476]; 3 Witkin, Cal. Procedure (2d ed.) Pleading, § 731.) Here that is not the case.

It is by no means clear that Kaiser's restrictive interpretation of its coverage will prevail at trial. The contract is alleged as one of adhesion and must be construed strictly against Kaiser to achieve the reasonable expectation of the members of the plan. While the contract is generally one for the provision of medical services rather than a policy of insurance in the strict sense, it does provide insurance coverage in the form of compensation for medical expenses incurred in emergencies. The case at bench deals with an emergent situation. Subsection 3 of segment L of the schedule of benefits, which is particularly applicable here, is monumentally ambiguous. While subsections 1 and 2 of the segment bear headings indicating that they are applicable only to emergency illness and accidental injury occurring outside the "Service Area," subsection 3 is headed "Continuing or Follow-up Treatment." By its terms, subsection 3 first provides for reimbursement of expenses incurred, but follows with the requirement that the services be provided by a contract hospital or medical office, a requirement which, if satisfied, would make reimbursement unnecessary because Kaiser is obligated by other portions of the agreement to furnish services by its contract physicians and hospitals without charge. Subsection 3 grants a right to reimbursement for emergency care "required before the Member can, without medically harmful or injurious consequences, return to the Southern California Service Area *or* a [contract] Hospital or [contract] Medical Office in the nearest Service Area." (Italics added.) In view of the virtual incomprehensibility of the language of subsection 3 when read with the contract in general, the use of the disjunctive rather than conjunctive in the provision for emergency treatment raises the reasonable expectation of a member of the plan that should an emergency arise Kaiser will reimburse him for expenses of "follow-up care" if he is either unable, because of the emergency, to return to the Southern California area or enter a contract hospital or medical office without undue medical risk. That construction validates appellant's claim for reimbursement.

Since the face of the complaint establishes the likelihood that appellant aided by evidence may establish the validity of his position at trial, the action of the trial court in denying him the opportunity to

proceed on his legally sufficient complaint for declaratory relief is prejudicial. (See *Jefferson Incorporated* v. *City of Torrance,* 266 Cal.App.2d 300 [72 Cal.Rptr. 85].)

The judgment (order) is reversed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied May 28, 1975, and respondent's petition for a hearing by the Supreme Court was denied July 16, 1975.