[Civ. No. 28651. First Dist., Div. Four. Sept. 20, 1971.]

FLYING TIGER LINES, INC., Plaintiff and Respondent, v.
TRUCK INSURANCE EXCHANGE, Defendant;
PACIFIC INTERMOUNTAIN EXPRESS COMPANY,
Intervener and Appellant.

## Counsel

Crosby, Heafey, Roach & May, Chris G. Gasparich and Raoul D. Kennedy for Intervener and Appellant.

Bronson, Bronson & McKinnon and Paul H. Cyril for Plaintiff and Respondent.

No appearance for Defendant.

## Opinion

**CHRISTIAN, J.**—Pacific Intermountain Express Company, a corporation (hereinafter PIE) appeals from a judgment determining that it is not entitled to indemnity from Flying Tiger Lines, Inc. (hereinafter Flying Tiger) in the event that PIE is required to bear the loss occasioned by an injury to a PIE employee caused by the negligence of a Flying Tiger employee.

The injured PIE employee, Ramirez, was struck by boxes which fell while a Flying Tiger employee was loading Ramirez's PIE truck. PIE was insured by Truck Insurance Exchange (hereinafter Truck), and Flying Tiger was insured by Eagle Star Insurance Company (hereinafter Eagle Star). Ramirez commenced an action against Flying Tiger, alleging that the injury was caused by the negligence of its employee. Flying Tiger in turn brought the present action against Truck, seeking a declaration that Truck, PIE's insurer, owed an obligation to Flying Tiger under the "loading and unloading" provision of PIE's policy. Truck cross-complained for a declaration of liability against Flying Tiger's insurer, Eagle Star. PIE intervened seeking a declaration that it should be indemnified by Flying

Tiger for any amount which PIE would be required to expend as a result of any judgment in favor of Ramirez.

PIE's claim for indemnification is based on the fact that, if Ramirez secures a judgment against Flying Tiger, and if Flying Tiger is held to be insured under PIE's policy with Truck, any loss up to $50,000 which Truck might pay will ultimately fall on PIE under a "Retrospective Premium Determination Agreement," which is part of PIE's policy with Truck. The agreement provides that PIE's premium is to be increased by the amount of each paid claim up to $50,000 (with qualifications not here pertinent). Prior to trial, Flying Tiger and Truck entered into a stipulation which established, in part, that Flying Tiger and its employee were covered under both the Truck and Eagle Star policies.

The court determined that PIE was not entitled to indemnity from Flying Tiger, on the theory that PIE's anticipated liability had not been imposed by law, but had been instead voluntarily assumed under the terms of its insurance contract with Truck. PIE appeals.

Appellant concedes that equity should take little interest in the assignment of a loss as between two insurance carriers, because "to the public it makes little difference which of two insurers is ultimately held responsible for a particular loss." (*Pacific Indem. Co.* v. *Liberty Mut. Ins. Co.* (1969) 269 Cal.App.2d 793, 796 [75 Cal.Rptr. 559]; see also *Wilshire Ins. Co.* v. *Transit Cas. Co.* (1967) 248 Cal.App.2d 719, 724 [54 Cal.Rptr. 861].) But, PIE argues, it may ultimately be required to pay the entire amount of the Ramirez judgment, because section 16451 of the Vehicle Code designates Flying Tiger and its employee as additional insured parties under the Truck policy.[1]

The equitable basis of implied indemnity is well stated, as follows, in *Alisal Sanitary Dist.* v. *Kennedy* (1960) 180 Cal.App.2d 69, 75 [4 Cal. Rptr. 379] (quoting *Builders Supply Co.* v. *McCabe*, 366 Pa. 322 at pp. 325-326, 327-328 [77 A.2d 368]): " 'The right of *indemnity* rests upon a

---

[1]Vehicle Code section 16451. "An owner's policy of motor vehicle liability insurance shall insure the person named therein and any other person, as insured, using any owned motor vehicle with the express or implied permission of said assured, against loss from the liability imposed by law for damages arising out of ownership, maintenance, or use of such motor vehicle within the continental limits of the United States to the extent and aggregate amount, exclusive of interest and costs, with respect to each motor vehicle, of fifteen thousand dollars ($15,000) for bodily injury to or death of each person as a result of any one accident and, subject to said limit as to one person, the amount of thirty thousand dollars ($30,000) for bodily injury to or death of all persons as a result of any one accident and the amount of five thousand dollars ($5,000) for damage to property of others as a result of any one accident."

difference between the primary and secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his part, has been compelled by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in *degrees* of negligence or on any doctrine of *comparative* negligence—a doctrine which, indeed, is not recognized by the common law; . . . It depends on a difference in the *character* or *kind* of wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. . . .' Without multiplying instances, it is clear that the right of a person vicariously or secondarily liable for a tort to recover from one primarily liable has been universally recognized. But the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible."

Appellant argues that the public policy underlying equitable indemnity would be served by requiring the loss to be borne by the party who is primarily responsible (in this case, Tiger and its employee by virtue of the employee's negligence) rather than by a party who has been made responsible by operation of law. It is true that appellant is seeking indemnity for a loss which arises as a result of claimed negligence not of its own employee (cf. *Horn & Barker, Inc.* v. *Macco Corp.* (1964) 228 Cal.App.2d 96 [39 Cal.Rptr. 320]) but of the employee of the party against whom a right of indemnification is sought. ▪ But loss will fall upon PIE not by reason of any obligation imposed by law. It is only by virtue of its preexisting premium contract with Truck that PIE will suffer loss. Its legal obligation imposed under Vehicle Code section 16451 will not be met by Truck's liability as insurer. (Cf. *Glens Falls Ins. Co.* v. *Consolidated Freightways* (1966) 242 Cal.App.2d 774 [51 Cal.Rptr. 789].) Therefore no right of indemnity exists.

The fallacy in appellant's argument (equating detriment incurred under a contract with an obligation imposed by law) is illustrated by the observation that if PIE were allowed equitable indemnity against Flying Tiger, Flying Tiger would apparently be covered again by Truck. (See *Stolte, Inc.* v. *Seaboard Surety Co.* (1967) 250 Cal.App.2d 169 [58 Cal.Rptr. 477].)

It would be a misapplication of the doctrine of equitable indemnity so to proliferate litigation.

The judgment is affirmed.

Devine, P. J., and David, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.