[Civ. No. 37934. Second Dist., Div. Four. Nov. 10, 1971.]

SAFEWAY STORES, INC., et al., Plaintiffs and Appellants, v. ROYAL INDEMNITY COMPANY, Defendant and Respondent.

## COUNSEL

Kean & Engle and Donald A. Way for Plaintiffs and Appellants.

Dryden, Harrington & Swartz, Raphael Cotkin and Peter Abrahams for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—This is an appeal from a judgment entered pursuant to subdivision 3 of section 581 of the Code of Civil Procedure, dismissing

an action after the entry of an order sustaining a demurrer without leave to amend. For the reasons set forth below, we reverse the judgment.

Antonio Benavidez was an employee of Hall-Haas & Vessey, Ltd. He was engaged in unloading a truck owned or hired by his employer, on the premises of plaintiff Safeway Stores. He was assisted in that operation by plaintiff James Bunch, an employee of Safeway. An accident occurred, resulting in injury to Benavidez. For that injury, he is entitled to recover workmen's compensation benefits from Hall-Haas & Vessey. Benavidez has filed a tort action against Safeway and Bunch, alleging that his injury was caused by the negligence of Bunch, acting in the course and scope of his employment by Safeway.

The complaint herein is for declaratory relief, seeking an adjudication that defendant is obligated to defend the Benavidez suit against Safeway and Bunch and to pay any judgment recovered therein. The complaint alleges that defendant insurance company had issued an automobile policy, still in force, insuring Hall-Haas & Vessey against injuries resulting from the use (including unloading) of motor vehicles and that under the terms of that policy there are also covered, as "additional insureds," all persons so using a Hall-Haas & Vessey motor vehicle with the consent of Hall-Haas. As above stated, the trial court sustained a general demurrer without leave to amend and entered a judgment dismissing the action.

# I

■ It is the general rule that, if a complaint shows the existence of a present controversy between the parties of the nature contemplated by section 1060 of the Code of Civil Procedure, it is improper to sustain a general demurrer on a theory that assumes any declaration would necessarily be unfavorable to plaintiff. (*Jefferson Incorporated* v. *City of Torrance* (1968) 266 Cal.App.2d 300 [72 Cal.Rptr. 85].) We deem that rule applicable here. ■ It is true, as respondent points out, that, in some cases, appellate courts have declined to reverse on that ground, pointing out that the *appellate* opinion ruling that a plaintiff had not stated facts entitling it to a favorable declaration amounted, in the situation present in those cases, to the very declaration sought. In the case at bench, however, as we point out hereafter, it cannot be said that a declaration of rights would necessarily have been unfavorable to plaintiff. It follows that the demurrer (which was based and decided solely on the ground that defendant had no liability to plaintiffs) should have been overruled.

## II

The theory of defendant, and of the trial court as expressed in its minute order, is that plaintiffs' claim against defendant is barred by the terms of section 3864 of the Labor Code, as that section was interpreted and applied in *Pacific Gas & Elec. Co*. v. *Morse* (1970) 6 Cal.App.3d 707 [86 Cal.Rptr. 7]. We do not agree.

Section 3864 reads as follows: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

In the case relied on, an employee of Flintkote had received money in settlement of a claim against Pacific Gas & Electric Company for its alleged negligence in maintaining a power line, as a result of which negligence the employee had been injured and he also had recovered workmen's compensation insurance benefits. Pacific Gas & Electric Company, the third-party tort-feasor, then sued the injured man's fellow employee for indemnity and also sought a declaration that he was entitled to indemnity under his employer's public liability policy. While there is language in that opinion which, on its face, seems pertinent to the case at bench, an examination of the record in that case discloses that it dealt with a claim not herein involved. In the *Pacific Gas & Electric Company* case, the third-party tort-feasor sought a declaration that the injured man's fellow employee was covered by the insurance policy; nowhere did the third-party claim any coverage for itself as an additional insured. It follows that the issue herein tendered—i.e., the right of the third-party and its employee each to claim, in its and his own right, insurance protection—never was raised in the *Pacific Gas & Electric Company* case.

Appellant cites us to the decision in *United States Steel Corp*. v. *Transport Indem. Co*. (1966) 241 Cal.App.2d 461, 474 [50 Cal.Rptr. 576], which did involve a factual background and a claim comparable to the case at bench. In that case, the court held in favor of the very claim here made, saying: "Stokes was injured through Steel's negligence and Steel is liable therefor. Transport's policy covered Bigge's permittee, Steel. We can see no good reason why Transport's policy which covers permittees for injuries due to the use of the insured Bigge's truck, should not be interpreted to cover Steel as an additional insured simply because Stokes would receive workmen's compensation from his employer, Bigge. Steel was using the Bigge truck with permission of Bigge. Steel gets coverage not because of

any employer-employee relationship with Stokes but because Steel is an additional insured under the Bigge policy."

If we substitute Benavidez for Stokes, Safeway for Steel, Royal Indemnity Company for Transport, and Hall-Haas & Vessey, Inc. for Bigge in the above quotation, the language is expressly in accord with our present holding. The case at bench involves an alleged direct liability under a policy of automobile insurance. Plaintiffs claim no rights against Benavidez' employer; they claim that they, in their own right, were insured by defendant against the very loss that now threatens them. Obviously, no public policy prevents persons such as these plaintiffs from procuring, in their own names, insurance against the basic liability herein involved. We cannot see that it matters that they here claim as beneficiaries of a policy procured for them by someone else.

It is argued that the result is to cast on Hall-Haas & Vessey the premium cost of insurance for coverage against a liability from which section 3864 insulated it. The argument is nonpersuasive. We do not know how far Safeway's willingness to deal with Hall-Haas & Vessey at all might be affected by the latter's willingness to absorb the cost of such insurance.[1] Without question, had the accident herein involved caused injury to someone not covered by Hall-Haas & Vessey's workmen's compensation obligation, these plaintiffs, as "users" of a Hall-Haas & Vessey vehicle and as additional insureds under the policy herein alleged to exist, would have been entitled to coverage under defendant's policy. The recovery herein sought is no greater than under the assumed state of facts.[2]

Since the exact terms of policy involved were not pleaded, we do not know, and cannot decide, any of the questions that may well arise as to the effect of Safeway's or Bunch's own insurance (if any). Nor can or do we decide whether, in fact and in law, the Royal policy applies to the unloading operation involved.[3] These are among the matters to be determined

---

[1]We note that, under section 11580.1 of the Insurance Code as presently in force, the employer's automobile policy could be written so as to exclude the liability herein involved. If employers fear the economic impact of premiums for coverage of third-party tort-feasors, their remedy is to limit the terms of their policies.

[2]There is nothing in the record before us to indicate that defense by defendant of the Benavidez suit or the payment by defendant of any judgment therein would increase Hall-Haas & Vessey's premium over that already payable by it for the policy in question. The case at bench does not reach the issues considered in *Flying Tiger Lines, Inc.* v. *Truck Ins. Exch.* (1971) 20 Cal.App.3d 132 [97 Cal.Rptr. 621].

[3]Thus we cannot, and do not, decide, at this stage, whether or not the limitations on "use" insurance set forth in *International Business Machines Corp.* v. *Truck Ins. Exch.* (1970) 2 Cal.3d 1026 [82 Cal.Rptr. 429], and in the cases following that decision, apply to the accident herein involved.

at the trial of the action. Nor do we determine whether the complaint before us is subject to any special demurrers. We decide only that, on the facts as pleaded by plaintiffs, a dispute has been alleged and a trial thereon must ensue.

The judgment is reversed; the case is remanded for further proceedings not inconsistent with this opinion.

Jefferson, Acting P. J., and Dunn, J., concurrred.