**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**TRANSPORT INDEMNITY COMPANY,
Defendant-Appellant.**

No. 74–3258.

United States Court of Appeals,
Ninth Circuit.

Sept. 27, 1976.

As Amended on Denial of Rehearing
Dec. 15, 1976.

Mark P. Robinson, of Horgan & Robinson, Los Angeles, Cal., for defendant-appellant.

Clarke A. Knicely, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY, ELY and CHOY, Circuit Judges.

CHOY, Circuit Judge:

This is an appeal from a declaratory judgment that insurer was liable under a motor vehicle insurance policy to indemnify a permissive user for tort liability despite apparent conflict with workmen's compensation law. We affirm.

### Facts

Ringsby Truck Lines (Ringsby) was hired by the United States to transport missiles. David Jinks was employed by Ringsby. Missiles being unloaded from a Ringsby truck by the United States fell on Jinks, injuring him. Jinks sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, and 2680, alleging negligence in the unloading.

Transport Indemnity (Transport) carried Ringsby's workmen's compensation and liability insurance. Transport agreed to defend the United States against Jinks' action, reserving the right to later contend that it had no obligation to indemnify the United States under the Ringsby liability insurance policy.

Jinks received $11,800 in workmen's compensation and settled the tort suit for $59,000.

### Proceedings Below

■ The United States brought this suit in federal district court seeking declaratory judgment under 28 U.S.C. § 2201, Fed.R. Civ.P. 57, on its right to be indemnified. The district court had jurisdiction under 28 U.S.C. § 1345.[1] It held that the United States was entitled to indemnity.

### Discussion

■ It is California policy to extend the coverage of financial responsibility insurance to "permissive users" of motor vehicles, at least absent legally effective exclusionary language in the insurance contract. Cal.Veh.Code § 17150; Cal.Ins.Code § 11580.1.

■ The unloading of a motor vehicle is considered "use" of the vehicle for purposes of financial responsibility insurance coverage. *Argonaut Ins. Co. v. Transport Indemnity Co.*, 6 Cal.3d 496, 99 Cal.Rptr. 617, 492 P.2d 673 (1972). The Government is, therefore, a permissive user.

■ Transport argues that to allow the Government to recover would create a "circle of indemnity" through which Ringsby would be liable to its employee in tort as well as in workmen's compensation.

Workmen's compensation is ordinarily an employee's sole remedy against his employer for injuries received in the course of employment. It does not, however, eliminate the liability of third parties to the employee, even where the third-party can "recover over" against the employer. *Baugh v. Rogers*, 24 Cal.2d 200, 148 P.2d

633 (1944); *Safeway Stores, Inc. v. Royal Indemnity Co.*, 21 Cal.App.3d 44, 98 Cal. Rptr. 234 (1971).

Cal.Labor Code § 3864 provides that such "recovery over" is permitted only where the employer had agreed to indemnify the third party before the injury.[2] Transport argues that by grace of an exclusionary clause in its contract with Ringsby, it had not agreed to such indemnification.

■ The clause in question excludes liability for: "bodily injury . . . of any employee of any Insured. . . ." Transport urges that this clause relieves it of liability because Jinks is an employee of an insured. The Government argues that the clause is invalid as against the policy of Cal.Veh.Code § 16454.

Cal.Veh.Code § 16451 requires that motor vehicle liability insurance policies cover permissive users. Cal.Veh.Code § 16454 allows an exception for liability of the assured imposed on the assured by any workmen's compensation law. The clause in the Ringsby contract falls within the § 16454 exception only to the extent that it excludes workmen's compensation payments.

■ The liability in question is not a liability arising under a workmen's compensation law. It is a liability arising under tort law. Therefore, it is not barred by the exclusion allowed by § 16454.

■ Alternatively, Transport argues that the exclusion should be construed to exclude liability for accidents happening during loading and unloading. This construction is based on assertions that the only time that the exclusion would be relevant is during loading and unloading. While California courts have not construed the lan-

---

1. Ordinarily it is the insurer who brings a suit for declaratory judgment. However, the party claiming to be insured has been allowed to do so as well. *Crowley's Milk Co. v. American Mut. Liability Ins. Co.*, 426 F.2d 752 (2d Cir. 1970).

2. § 3864. Liability to reimburse or hold third person harmless on judgment or settlement.

If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury.

guage used in this exclusionary clause, they have construed the exclusionary language "any employee of the insured." The courts have held that in order for an employee exclusion clause to operate, in the face of financial responsibility requirements (the sections of California law requiring coverage of permissive users) the employment relationship must exist between the injured party and the party seeking protection under the act. *Cal-Farm Ins. Co. v. Fireman's Fund Insurance Co.*, 54 Cal.App.3d 708, 126 Cal.Rptr. 704 (1976); *Campidonica v. Transport Indemnity Co.*, 217 Cal.App.2d 403, 31 Cal.Rptr. 735 (1963); *Paul Masson Co. v. Colonial Ins. Co.*, 14 Cal.App.3d 265, 92 Cal. Rptr. 463 (1971). Under California law, "[so] long as coverage is available under any reasonable interpretation of an ambiguous clause, the insurer cannot escape liability." *State Farm Mut. Auto Ins. Co. v. Jacober*, 10 Cal.3d 193, 110 Cal.Rptr. 1, 514 P.2d 953 (1973).

█ Given the interpretation placed by California courts on similar language, the plain meaning of the words, and the rule that clauses are construed in favor of the insured, we cannot find that the clause operated as an exclusion of liability for loading and unloading. Given that the liability here is not one arising under a workmen's compensation law, and is not excludable as such under Cal.Veh.Code § 16454, we conclude that the insurance contract provides for "recovery over" under Cal.Labor Code § 3864.

AFFIRMED.