Filed 1/21/14  Mulhearn v. Lawyers Title Ins. Co. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BRUCE T. MULHEARN et al., | B244893 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC464986) |
| v. | |
| LAWYERS TITLE INSURANCE CO. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Holly E. Kendig, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Bergkvist, Bergkvist & Carter and Richard J. Cowles for Plaintiffs and Appellants.

Freeman, Freeman & Smiley and Jared A. Barry for Defendants and Respondents.

_____

**INTRODUCTION**

Bruce T. Mulhearn, individually and as trustee of the Grasmere Trust dated August 18, 1978, appeals from a judgment entered in favor of defendants Lawyers Title Insurance Co. (Lawyers Title) and Fidelity National Title Insurance Company (Fidelity) after the trial court sustained their demurrers without leave to amend to all causes of action. We conclude that Mulhearn stated some causes of action as trustee but none as an individual, and that as trustee he is entitled to leave to amend other causes of action. We therefore affirm in part and reverse in part with directions.

**FACTUAL BACKGROUND[1]**

On April 4, 2008 Lawyers Title issued a title insurance policy to Mulhearn as trustee of the Grasmere Trust in order to insure priority of a deed of trust covering real property located in Bell Gardens securing a promissory note. The name of the insured on the policy was "Bruce T. Mulhearn, Trustee of the Grasmere Trust Dated August 18, 1978." The policy stated that title to the real property was "vested in: Filiberto G. Limon and Erendira Limon [the Limons], husband and wife as joint tenants."[2] The policy

---

[1]  Because this matter comes to us on demurrer, we take the facts from the complaints, the allegations of which we deem true for the purpose of determining whether Mulhearn, as an individual or as trustee, stated viable causes of action. (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 885.) We also deem true facts contained in the exhibits attached to the complaints. (*Brakke v. Economic Concepts, Inc.* (2013) 213 Cal.App.4th 761, 767-768.)

[2]  The title policy provided that Lawyers Title would insure "against loss or damage . . . sustained or incurred by the Insured," "Bruce T Mulhearn, Trustee of the Grasmere Trust Dated August 18, 1978," "by reason of: 1. Title to the estate or interest described in Schedule A [i.e., the property] being vested other than as stated therein; [¶] 2. Any defect in or lien or encumbrance on the title; [¶] 3. Unmarketability of the title; [¶] . . . [¶] 5. The invalidity or unenforceability of the lien of the insured mortgage upon the title . . . ."

identified a deed of trust, dated April 2, 2008 and recorded on April 4, 2008, which secured a debt of $275,890. The policy stated that the trustors were the Limons and the beneficiary was "Bruce T. Mulhearn, Trustee of the Grasmere Trust Dated August 18, 1978." The deed of trust identified the beneficiary as "Bruce T. Mulhearn, Trustee of the Grasmere Trust dated 8/18/1978."

In October 2009 Mulhearn as trustee began foreclosure proceedings on the property as the result of a default on the loan secured by the deed of trust. The loan had been due on April 2, 2009. On February 24, 2010 the title owners of the property, the Limons, filed an action, *Filiberto G. Limon et al. v. Filiberto Limon, et al.* (Super. Ct. L.A. County, No. VC055690) (the Limon action), asserting that their son Filiberto Limon forged their signatures on the deed of trust. The defendants included Filiberto Limon, Mulhearn individually and as trustee, and the notary who notarized the deed of trust.

Mulhearn first learned of the alleged forgery when he received notice of the Limon action. Based on Fidelity's subsequent investigation, Mulhearn believed that the signatures on the deed of trust were forged. This defect in the title was not listed as an exception or exclusion under the terms of the title policy.

On March 1, 2010 Mulhearn, individually and as trustee, tendered the complaint in the Limon action to Lawyers Title and requested a defense. On April 9, 2010 Lawyers Title denied Mulhearn a defense or indemnity in the Limon action. On April 27, 2010, however, after Mulhearn had requested reconsideration, Lawyers Title accepted the tender "as to all causes of action set forth in the Complaint" and agreed to provide a defense and indemnity subject to a reservation of rights, but only for claims against Mulhearn as trustee. Lawyers Title never provided a defense or indemnity for Mulhearn as an individual.

On May 13, 2010 Bergkvist, Bergkvist & Carter, counsel for Mulhearn, demanded that Lawyers Title appoint the firm independent defense counsel for Mulhearn. The letter also requested "reimbursement for attorney's fees incurred due to the unreasonable delay of [Lawyers Title]." On June 4, 2010 the Bergkvist firm submitted a bill and requested payment. On July 2, 2010 the Bergkvist firm again asked for payment of the "initial

3

attorney's fees from the period [Lawyers Title] declined coverage until the date you accepted."

## PROCEDURAL BACKGROUND

### A.    *Demurrers to the Original Complaint*

On July 7, 2011 Mulhearn filed this action against Lawyers Title and Fidelity as an individual and as trustee of the Grasmere Trust. Mulhearn alleged causes of action for breach of the title insurance contract, breach of the implied covenant of good faith and fair dealing, and unfair competition under Business and Professions Code section 17200. Mulhearn also alleged a cause of action for declaratory relief seeking a declaration that Mulhearn, as an individual and as trustee, was "entitled to a legal defense in the underlying lawsuit, to have their security interest in the property protected, and coverage under the policy . . . for losses sustained due to defective title[,] [¶] . . . judicial determination of [the] right [of Mulhearn] to coverage under the . . . policy [and] [¶] . . . of the rights and obligations of the parties." Lawyers Title and Fidelity demurred.

The trial court sustained without leave to amend Lawyers Title's demurrer to Mulhearn's individual cause of action for breach of contract because Mulhearn as an individual was not a party to the insurance contract. The court ruled that "the title insurance policy attached as Exhibit A to the complaint shows that there is no contract between Lawyers Title and Mulhearn, individually," and the fact that Mulhearn was not an insured took precedence over any conflicting allegation in the complaint. The court also sustained without leave to amend Lawyers Title's demurrer to Mulhearn's individual cause of action for breach of the implied covenant of good faith and fair dealing, but sustained with leave to amend Lawyers Title's demurrer to the causes of action for unfair competition and declaratory relief. Finally, the court sustained with leave to amend Lawyers Title's demurrers to Mulhearn's claims as trustee.

The court also ruled that although Lawyers Title was a party to the insurance contract, Fidelity was not, and that the allegations of a merger between Lawyers Title and

4

Fidelity were "not sufficient to place Fidelity on the hook for the insurance policy issued by Lawyers Title." The trial court sustained without leave to amend Fidelity's demurrer to all causes of action by Mulhearn individually and as trustee.

B.      *Demurrers to the First Amended Complaint*

Mulhearn, again as an individual and as trustee, filed a first amended complaint asserting seven causes of action. The first cause of action for breach of contract, third cause of action for bad faith, and fifth cause of action for unfair competition were against Lawyers Title. The second, fourth, and six causes of action were the same but against Fidelity. The seventh cause of action was for declaratory relief. Lawyers Title and Fidelity again demurred.

The trial court again sustained Fidelity's demurrer to all causes of action without leave to amend. The trial court stated, "When I sustain a demurrer without leave to amend, that's what I meant. . . . So with respect to the Fidelity demurrer, the . . . causes of action against Fidelity have improperly been inserted in the first amended complaint after the court sustained Fidelity's demurrer to these same causes of action in the original complaint without leave to amend on October 25th, 2011. [Mulhearn] has disregarded that order by filing the first amended complaint with these same causes of action, though numbered differently, against Fidelity . . . ." The court on its own motion struck the causes of action against Fidelity pursuant to Code of Civil Procedure section 436, subdivision (b), because they violated the court's October 25, 2011 order, which had sustained without leave to amend Fidelity's demurrer to the same causes of action in the original complaint. (See *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023 [following order sustaining demurrer with leave to amend, "the plaintiff may amend . . . complaint only as authorized by the court's order"].)

The court sustained without leave to amend Lawyers Title's demurrer to the causes of action for unfair competition and declaratory by Mulhearn individually. The court ruled that because Mulhearn was not personally a party to the insurance contract, he could not show he suffered any injury as a result of any unfair business practice by

5

Lawyers Title. Nor could he show that he had an actual dispute with Lawyers Title for which the court could grant declaratory relief. The court ruled, however, that Lawyers Title had not demurred to the causes of action by Mulhearn as trustee, and gave Lawyers Title leave to renotice a proper demurrer to those claims.

At the next hearing the trial court repeated that Mulhearn in his individual capacity was not a party to the title insurance contract and therefore could not state a cause of action for contract breach or for breach of the implied covenant. The court again ruled that because Mulhearn individually was not an insured, he could not show he had suffered injury in fact as required to state a cause of action for a violation of Business and Professions Code section 17200, and that he lacked standing to allege that Lawyers Title had improperly handled his insurance claim. The court similarly determined that Mulhearn as an individual could not allege an actual controversy under his seventh cause of action for declaratory relief regarding his rights and duties under the contract. The trial court therefore sustained without leave to amend Lawyers Title's demurrers to Mulhearn's fifth cause of action for unfair competition and seventh cause of action for declaratory relief as an individual.

With respect to Mulhearn's allegations as trustee against Lawyers Title, the trial court noted that Mulhearn based his cause of action for bad faith on the delay in providing him a defense for the period of March 1 to April 27, 2010. The trial court stated, however, that Mulhearn had not alleged facts showing that the two-month delay was unreasonable or without proper cause, nor had Mulhearn alleged that he had requested reimbursement for the attorneys' fees incurred as trustee during this two-month period. The court also noted that the Limon action was still pending and that Lawyers Title was continuing to provide a defense. The court ruled that Muhlearn as trustee had not stated an unfair competition claim for the same reasons, and that because Lawyers Title had accepted Mulhearn's tender as trustee there was no actual controversy between Mulhearn and Lawyers Title. The court sustained with leave to amend Lawyers Title's demurrers to Mulhearn's causes of action as trustee for breach of contract, breach of the

6

implied covenant, and unfair competition, and sustained without leave to amend Lawyers Title's demurrer to the seventh cause of action for declaratory relief.

C.    *Demurrer to the Second Amended Complaint*

Mulhearn, this time only as trustee, filed a second amended complaint. The second amended complaint named Lawyers Title only and alleged causes of action for breach of title insurance contract, breach of the implied covenant, and unfair competition. Lawyers Title demurred and filed a motion to strike.

The trial court ruled that Mulhearn as trustee had not stated a claim for breach of contract because Lawyers Title had accepted the claim, subject to a reservation of rights, and had provided a defense beginning April 27, 2010. The court ruled that the claim for indemnity was premature because there had been no final determination of the Limon action. The court stated that Mulhearn had not stated a claim for breach of the implied covenant of good faith and fair dealing because Mulhearn had not alleged facts showing that Lawyers Title's conduct was unreasonable. The court also ruled that Mulhearn had not stated an unfair competition claim for the same reason, and that the matter had "been previously fully ruled on at the" prior hearings. The trial court sustained without leave to amend Lawyers Title's demurrer to all of the causes of action of the second amended complaint, took the motion to strike off calendar as moot, orally dismissed the complaint against Lawyers Title and Fidelity, and directed counsel for Lawyers Title to prepare a proposed written order and judgment.

The trial court entered judgment in favor of Lawyers Title and Fidelity and against Mulhearn individually and as trustee. Mulhearn, presumably on behalf of himself individually and as trustee, filed a timely notice of appeal.

**DISCUSSION**

Mulhearn, individually and as trustee, challenges all of the trial court's orders sustaining without leave to amend the demurrers by Fidelity and Lawyers Title to all of

7

the causes of action in the three complaints.  We conclude that Mulhearn cannot state any claims as an individual, but he did state some claims as trustee against Lawyers Title and he is entitled to leave to amend to state claims against Fidelity.

        A.     *Standard of Review*

"To determine whether a demurrer was properly sustained, we review the allegations of the operative complaint for facts sufficient to state a claim for relief.  In doing so, we treat the demurrer as admitting all material facts properly pleaded.  "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context."" (*C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 866.)  "On appeal from the sustaining of a demurrer, we accept as true the well-pleaded facts in the operative complaint . . . ." (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1189, fn. 1.)  "We also consider matters shown in exhibits attached to the complaint and incorporated by reference." (*Performance Plastering v. Richmond American Homes of California, Inc.* (2007) 153 Cal.App.4th 659, 665.)  "'If the complaint states a cause of action under any theory, regardless of the title under which the factual basis for relief is stated, that aspect of the complaint is good against a demurrer.  "[W]e are not limited to plaintiffs' theory of recovery in testing the sufficiency of their complaint against a demurrer, but instead must determine if the *factual* allegations of the complaint are adequate to state a cause of action under any legal theory . . . ." [Citations.]'  [Citation.]" (*Zhang v. Superior Court* (2013) 57 Cal.4th 364, 370.)  "When the trial court sustains a demurrer without leave to amend, we review that decision for abuse of discretion. [Citation.]  We will reverse for abuse of discretion if we determine that there is a reasonable possibility the plaintiff can cure the pleading by amendment. [Citation.]" (*Glen Oaks Estates Homeowners Assn. v. Re/Max Premier Properties, Inc.* (2012) 203 Cal.App.4th 913, 919.)

B.    *Mulhearn Individually*

Mulhearn argues that he, as an individual, is a party to the policy pursuant to its "express terms." The terms of the policy, which is attached to each of the complaints, state otherwise. The policy identified Mulhearn as trustee of the Grasmere Trust as the insured. As the trial court noted, the facts in the policy take precedence over any conflicting allegation in the complaint. (See *Chisom v. Board of Retirement of Fresno County Employees' Retirement Assn.* (2013) 218 Cal.App.4th 400, 410 ["[i]f the allegations in the complaint conflict with attached exhibits, we rely on and accept as true the contents and legal effect of the exhibits"]; *Sofranek v. County of Merced* (2007) 146 Cal.App.4th 1238, 1241, fn. 1 ["[f]acts appearing in exhibits attached to the complaint are . . . accepted as true and given precedence over inconsistent allegations in the complaint"].) This rule applies to insurance policies attached to a complaint. (See *C & H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1064 ["the language in the actual policy provision appearing in the exhibit to the complaints prevails over the inconsistent general conclusional allegations concerning that provision"].) Mulhearn did not allege facts sufficient to overcome the terms of the policy stating who the insured is for purposes of claims like the ones in the Limon action. To the contrary, Mulhearn alleged in all three complaints that "[a]ll acts complained of in the underlying complaint [in the Limon action] are for actions Mr. Mulhearn took in his capacity as Trustee of the Grasmere Trust."

Mulhearn argues that Lawyers Title breached the insurance contract by denying his request for a defense in the Limon action. An insurer's obligation to provide a defense, however, extends only to its insureds. (See *InfiNet Marketing Services, Inc. v. American Motorist Ins. Co.* (2007) 150 Cal.App.4th 168, 176 ["[i]t is well established 'a liability insurer owes a broad duty to defend its *insured* against claims that create a potential for indemnity'"]; *Harper v. Wausau Ins. Co.* (1997) 56 Cal.App.4th 1079, 1086 ["the insurer's duties flow to the insured"]; *Alex Robertson Co. v. Imperial Casualty & Indemnity Co.* (1992) 8 Cal.App.4th 338, 343 ["[t]he duty to defend . . . is a contractual

9

one . . . limited to the 'insured'"].) The policy stated that the insurer would "pay the costs, attorneys' fees and expenses incurred in defense of the title . . . as Insured."

Mulhearn cites paragraph 1(a) of the policy, which defines "Insured" to include "those who succeed to the interest of the named Insured by operation of law as distinguished from purchase including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors." Relying on this language, Mulhearn argues that he "is the Trustee and beneficiary of the Grasmere Trust," and as such he individually "succeeds to the interest of [trustee] by operation of law," and therefore "is an insured within the [scope of the] express language" of the policy. As the court stated in *Kwok v. Transnation Title Ins. Co.* (2009) 170 Cal.App.4th 1562, reviewing the same definition of "insured" that appears in the policy in this case (*id.* at p. 1565), "[t]here are several problems with this argument" (*id.* at p. 1569). First, there is no allegation that Mulhearn is a beneficiary of the trust, if so what his beneficial interest is, and what the terms of the trust are. (See *id.* at p. 1570 ["[t]he trust document is not part of the record and therefore the identity of the trustees and beneficiaries cannot be determined"].) Second, Mulhearn has not succeeded to the trustee's interest by operation of law. (*See id.* at p. 1571.) He may someday, depending on the terms of the trust, but he has not yet. Although the language of paragraph 1(a) is not in the past tense ("succeeded"), it is not in the future tense ("will succeed"), and the examples of those who may succeed by operation of law ("heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors") (*id.* at p. 1565) all reflect successions that have occurred,[3] and "[t]here is nothing in the policy definition of 'insureds' that identifie[d] 'beneficial owners' as insureds" (*id.* at p. 1571).

---

[3] One is not an heir, distributee, devisee, survivor, personal representative, next of kin, or corporate or fiduciary successor until the human or corporate person has died or ceased to exist.

10

Thus, Mulhearn cannot state a claim as an individual for breach of contract for failure to provide a defense because he was not a party to the insurance contract in his individual capacity. There is no reasonable possibility that he can cure this defect with any amendment. (See *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 320; *Hill v. Roll Internat. Corp.* (2011) 195 Cal.App.4th 1295, 1307.)[4]

Similarly, because Mulhearn in his individual capacity was not an insured, he cannot state a claim against Lawyers Title for breach of the implied covenant of good faith and fair dealing. "Someone who is not a party to the contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party." (*Hatchwell v. Blue Shield of California* (1988) 198 Cal.App.3d 1027, 1034; see *InfiNet Marketing Services, Inc. v. American Motorist Ins. Co.*, *supra*, 150 Cal.App.4th at p. 180 [where the plaintiff is "neither a named insured nor a third party beneficiary of the . . . policy, its cause of action for breach of the implied covenant of good faith and fair dealing fails"]; *Seretti v. Superior Nat. Ins. Co.* (1999) 71 Cal.App.4th 920, 929 ["'[p]rivity of contract with the insurer is essential to an implied covenant action against the insurer'"].)

Mulhearn in his individual capacity also cannot state a claim for unfair competition because he cannot allege any unfair business practices that caused him any injury. (Bus. & Prof. Code, § 17204; *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 316-317.) Without any "injury in fact," Mulhearn has no standing to bring an unfair competition claim as an individual. (See *Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1346.)

Finally, because Mulhearn was not an insured, he cannot state a cause of action against Lawyers Title for declaratory relief regarding his rights and obligations under the

---

**4** Mulhearn did not allege and does not argue that in his individual capacity he is a third party beneficiary of the insurance policy. At the hearing on the demurrers to the original complaint, counsel for Mulhearn mentioned that "third party beneficiary comes to mind," but he never pursued or alleged that theory.

11

policy. He had no such rights or obligations, and Lawyers Title owed no obligations to him in his individual capacity.

      C.      *Mulhearn as Trustee v. Lawyers Title*

           1.      Breach of Contract

Mulhearn in his capacity as trustee argues that Lawyers Title breached the contract by failing to accept his claim and to provide a defense from the time he first tendered the claim on March 1, 2010 until Lawyers Title accepted the claim on April 27, 2010. Mulhearn is correct. He did state a claim for breach of contract, but not a very large one.

"To defend meaningfully, the insurer must defend immediately. [Citation.] To defend immediately, it must defend entirely." (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 49; see *The Housing Group v. PMA Capital Ins. Co.* (2011) 193 Cal.App.4th 1150, 1155-1156 ["'[i]mposition of an immediate duty to defend is necessary to afford the insured what it is entitled to: the full protection of a defense on its behalf'"].) "An insurer's refusal to furnish a defense to a liability action against the insured is actionable as a breach of contract." (Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2013) ¶ 7:690.) Until April 27, 2010 Lawyers Title was in breach of the policy, and, because of its change of position, admittedly so. It may not have been much of a breach, but it was a breach, and the damages are the costs of defense Mulhearn paid as trustee before Lawyers Title accepted the claim.[5] (See *Richards v. Sequoia Ins. Co.* (2011) 195 Cal.App.4th 431, 436 ["general measure of contract damages owed an insured due to an insurer's breach of the duty to defend are the 'costs and attorney fees expended by the insured defending the underlying action'"].)

---

[5]      At one of the hearings in the trial court, counsel for Mulhearn stated that he calculated this amount "was about $5,000."

12

2.     Breach of the Implied Covenant of Good Faith and Fair Dealing

"Implied in every contract is a covenant of good faith and fair dealing that neither party will injure the right of the other to receive the benefits of the agreement." (*PPG Industries, Inc. v. Transamerica Ins. Co.* (1999) 20 Cal.4th 310, 314; accord, *Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713 720.) "Before an insurer can be found to have acted in bad faith for its delay or denial in the payment of policy benefits, it must be shown that the insurer acted *unreasonably* or *without proper cause*." (*Jordan v. Allstate Ins. Co.* (2007) 148 Cal.App.4th 1062, 1072; accord, *Wilson*, *supra*, at p. 720; *PPG Industries, Inc.*, *supra*, at p. 315.)

Mulhearn argues that Lawyers Title acted unreasonably by initially denying his March 1, 2010 "claim for indemnity and tender of defense" on April 9, 2010, which required him "to hire private counsel to file an answer and cross-complaint," and then later accepting tender of the claim on April 27, 2010. There was no unreasonable conduct or delay. Lawyers Title was entitled to a reasonable amount of time to process and investigate Mulhearn's claim, which he made more difficult by tendering claims on behalf of himself as an individual and as trustee. Lawyers Title reasonably made a coverage determination within six weeks, and then reasonably reconsidered and provided coverage subject to a reservation of rights two-and-a-half weeks later. Lawyers Title may have breached the insurance contract by not accepting the claim initially, but Lawyers Title did not act unreasonably and without proper cause by taking six weeks to investigate and decide whether to accept Mulhearn's claim, nor by quickly changing its mind and agreeing to accept Mulhearn's claim as trustee. (See *Carlton v. St. Paul Mercury Ins. Co.* (1994) 30 Cal.App.4th 1450, 1458-1459 [insurer did not act unreasonably in paying claim four months after tender, reopening claim at the insured's request two months later, and then making an additional payment eight months later].) As the trial court stated at the hearing on the demurrer to the second amended complaint, the facts alleged by Mulhearn "support a finding of prompt responsiveness," not unreasonableness. Mulhearn did not state a claim as trustee for breach of the implied covenant of good faith and fair dealing, and, given the chronology of events and ultimate

13

determination in Mulhearn's favor, we see no reasonable possibility that he can amend his complaint to do so. The trial court properly sustained without leave to amend the demurrer to Mulhearn's cause of action for breach of the implied covenant of good faith and fair dealing.

### 3. Unfair Competition

Business and Professions Code section 17200 et seq., often referred to as the Unfair Competition Law or UCL (*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.* (2002) 104 Cal.App.4th 508, 511), defines "unfair competition" to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500 [regarding false advertising]) of Part 3 of Division 7 of the Business and Professions Code." (Bus. & Prof. Code, § 17200.) "The UCL sets out three different kinds of business acts or practices that may constitute unfair competition: the unlawful, the unfair, and the fraudulent." (*Rose v. Bank of America, N.A.* (2013) 57 Cal.4th 390, 394.)

Mulhearn alleged in his unfair competition cause of action that Lawyers Title "purposefully [denied] meritorious claims and tenders of defense to shirk responsibility for making payments on the policy and to maximize their own profits," and "sought to deny claims without basis to force plaintiff and others to abandon meritorious claims." Mulhearn further alleged that Lawyers Title "made a pattern and practice of delaying patently covered claims to plaintiffs and to citizens of the State of California." Mulhearn sought an injunction prohibiting Lawyers Title from engaging in the "predatory insurance practices of the nature and kind" alleged in the second amended complaint, and restitution and disgorgement of profits "realized" by such practices.

We can see how a proper plaintiff in the right case could state a claim for unfair competition against an insurer based on allegations that the insurer had a practice of denying all claims, forcing all of its insureds to bring declaratory relief actions or at least retain counsel to negotiate with the insurer, and then agreeing to provide a defense and

indemnity only to those insureds who went through the extra effort and expense of challenging the insurer's initial denial of coverage. (See *Zhang v. Superior Court*, *supra*, 57 Cal.4th at p. 384 ["when insurers engage in conduct that violates both the [Unfair Insurance Practices Act] and obligations imposed by other statutes or the common law, a UCL action may lie"]; *Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 675, 676 [insureds stated claim for violation of Business and Professions Code section 17200 by alleging that the insurer "adopted [an unlawful] practice with the express purpose to deny its insureds their rights under their insurance policies"].) But this is not what Mulhearn alleged happened to him. On April 13, 2010 Mulhearn wrote a letter to Lawyers Title asking it to reconsider its initial coverage decision, and on April 27, 2010 Lawyers Title reconsidered and agreed at least in part with Mulhearn. Nor did Mulhearn allege facts showing that Lawyers Title mishandled his claim or took an unreasonable amount of time to process his claim. As noted above, there were only two months between the date Mulhearn submitted his claim and the date Lawyers Title investigated and eventually accepted the claim subject to the reservation of rights. Mulhearn's allegations do not, and cannot reasonably be amended to, state a claim for unfair competition.

### 4. Declaratory Relief

"Code of Civil Procedure section 1060, which authorizes actions for declaratory relief, provides in pertinent part: 'Any person interested under a written instrument . . . or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, *in cases of actual controversy* relating to the legal rights and duties of the respective parties, bring an original action . . . in the superior court for a declaration of his or her rights . . . including a determination of any question of construction or validity arising under the instrument or contract.' (Italics added.)" (*Environmental Defense Project of Sierra County v. County of Sierra* (2008) 158 Cal.App.4th 877, 884.)

15

"'The fundamental basis of declaratory relief is the existence of an *actual, present controversy* over a proper subject.' [Citation.]" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79.) The "'actual, present controversy must be pleaded specifically' and 'the facts of the respective claims concerning the [underlying] subject must be given.' [Citations.]" (*Id.* at p. 80; accord, *American Meat Institute v. Leeman* (2009) 180 Cal.App.4th 728, 741.) The controversy must be justiciable and ripe for decision, and may not be "'"conjectural, anticipated to occur in the future, or an attempt to obtain an advisory opinion from the court."' [Citation.]" (*Del Cerro Mobile Estates v. City of Placentia* (2011) 197 Cal.App.4th 173, 186.) Nevertheless, "Code of Civil Procedure section 1060 does not require a breach of contract in order to obtain declaratory relief, only an 'actual controversy.'" (*Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 647.)

On demurrer, the court evaluates "whether the factual allegations of the complaint for declaratory relief reveal that an actual controversy exists between the parties." (*Otay Land Co. v. Royal Indemnity Co.* (2008) 169 Cal.App.4th 556, 562.) "'Whether a claim presents an "actual controversy" within the meaning of Code of Civil Procedure section 1060 is a question of law that we review de novo.' [Citation.]" (*American Meat Institute v. Leeman*, *supra*, 180 Cal.App.4th at p. 741; *Environmental Defense Project of Sierra County v. County of Sierra*, *supra*, 158 Cal.App.4th at p. 885.)

Mulhearn alleged that a "dispute has arisen and an actual controversy exists" between the parties because he contends and Lawyers Title denies that he, in both his individual and trustee capacity, is "entitled to a legal defense in the underlying lawsuit, to have [his] security interest in the property protected, and coverage under the policy of title insurance for losses sustained due to defective title." Mulhearn alleged that he "desires a judicial determination of his right to coverage under the insurance policy." Mulhearn argues that he stated a claim for declaratory relief both as an individual and as trustee.

Mulhearn is not entitled to seek declaratory relief in his individual capacity because, as explained above, he has no rights to a defense or indemnity as an individual.

16

He is entitled, however, to seek declaratory relief regarding his rights as trustee to a defense and indemnity, which Lawyers Title provided subject to a reservation of rights, including the right to seek reimbursement from the trust "for the reasonable attorney's fees and costs expended in the defense of all or part of the" underlying action. As Lawyers Title recognized by explicitly reserving the right to file a declaratory relief action against Mulhearn "to seek a judicial declaration determining that it has no obligation to indemnify or to provide a defense," an action for declaratory relief is the standard method for resolving these kinds of coverage issues. (See *George F. Hillenbrand, Inc. v. Insurance Co. of North America* (2002) 104 Cal.App.4th 784, 802 ["a declaratory relief action is the appropriate vehicle for resolving disputes involving the contested meaning of contractual language" in an insurance policy]; Schwarzer et al., Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2013) ¶ 10:9 ["[d]eclaratory relief is often sought in actions between insurers and insureds to determine rights and obligations under an insurance policy"].) "Ordinarily it is the insurer who brings a suit for declaratory judgment," but "the party claiming to be insured has been allowed to do so as well." (*U.S. v. Transport Indemn. Co.* (9th Cir. 1976) 544 F.2d 393, 395, fn. 1; see *Ringler Associates Inc. v. Maryland Casualty Co.* (2000) 80 Cal.App.4th 1165, 1190 [the insured can "contest [the insurer's] reservation of rights by a declaratory relief action"]; *Earth Elements, Inc. v. National American Ins. Co.* (1995) 41 Cal.App.4th 110, 116-117 ["[t]he insured may sue to enforce the insurer's duty to defend and indemnify"].) Although "the trial court cannot determine the amount of the insured's indemnity obligation" until the conclusion of the underlying action, the court can make a "declaration [as] to whether the claim is covered by the policy." (*Armstrong World Industries, Inc. v. Aetna Casualty & Surety Co.* (1996) 45 Cal.App.4th 1, 108.) Mulhearn as trustee stated a claim for declaratory relief regarding Lawyers Title's duty to defend and indemnify and the rights reserved by Lawyers in providing a defense and indemnification.

Lawyers Title argues that Mulhearn in his capacity as trustee is not entitled to declaratory relief because he "admitted he was provided a defense under the Policy."

17

Lawyers Title, however, provided Mulhearn as trustee a defense subject to a reservation of rights, and Mulhearn is entitled to seek a judicial determination of those rights.[6]

### D. *Mulhearn as Trustee v. Fidelity*

Mulhearn's claims against Fidelity were based on the allegation that Lawyers Title "is now emerged with or otherwise wholly owned by defendant, [Fidelity], by reason of which, [Fidelity] is now liable for all debts and obligations of Lawyers [Title]." The trial court sustained Fidelity's demurrer (to the original complaint) without leave to amend because Mulhearn's "purported merger allegations [were] not sufficient to place Fidelity on the hook for the insurance policy issued by Lawyers Title."

Mulhearn apparently was attempting to assert successor liability against Fidelity. Counsel for Mulhearn also argued at the hearing on the demurrer to the original complaint that Fidelity was a proper defendant because it was the insurance company handling Mulhearn's claim and "made the claims decision." On appeal, Mulhearn argues that he pleaded sufficient facts to establish that Lawyers Title had "merged with" Fidelity so that Fidelity is liable for all debts and obligations of Lawyers Title.

In order to state a claim for successor liability against an entity that acquired another entity, the plaintiff must allege that "(1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for

---

[6] Lawyers Title cites to paragraph 8(b) of the policy, which provides that "[i]n the event of any litigation" by Lawyers Title to establish title, "including litigation by [Lawyers Title] or with [Lawyers Title's] consent, [Lawyers Title] shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title . . . ." This provision, similar to a "no action" clause, does not bar a declaratory relief action by an insured to determine an insurer's defense and indemnity obligations under an insurance policy. (See *Earth Elements, Inc. v. National American Ins. Co.*, *supra*, 41 Cal.App.4th at pp. 116-117.)

the seller's debts." (*Ray v. Alad Corp.* (1977) 19 Cal.3d 22, 28; see *Cleveland v. Johnson* (2012) 209 Cal.App.4th 1315, 1327.) To prevail on a theory that the acquiring or purchasing corporation is a "'mere continuation of the seller,'" the plaintiff must allege "'(1) no adequate consideration was given for the predecessor corporation's assets and made available for meeting the claims of its unsecured creditors; (2) one or more persons were officers, directors, or stockholders of both corporations. [Citations.]' [Citations.]" (*CenterPoint Energy, Inc. v. Superior Court* (2007) 157 Cal.App.4th 1101, 1121.)

Detailed allegations by Mulhearn, and detailed discussion by this court, are not necessary in this case because Fidelity concedes that it is in fact Lawyers Title's successor: "Notwithstanding [Mulhearn's] imprecise allegations, and in an effort to not mislead this Court, Fidelity is, in fact, the successor in interest to Lawyers Title." Therefore, although Mulhearn may not have sufficiently alleged all of the elements of successor liability, he should have an opportunity to amend to allege those elements, including Fidelity's concession that it is Lawyers Title's successor. The trial court erred by sustaining without leave to amend Fidelity's demurrer to Mulhearn's claims as trustee for breach of contract and declaratory relief (the only two claims he can state against Lawyers Title).

19

# DISPOSITION

The judgment is affirmed as to all claims by Mulhearn as an individual. The judgment is affirmed as to Mulhearn's claims as trustee of the Grasmere Trust for breach of the implied covenant of good faith and fair dealing and unfair competition. The judgment is reversed with directions to enter an order overruling the demurrer by Lawyers Title to the causes of action by Mulhearn as trustee for breach of contract and declaratory relief, and to sustain the demurrer by Fidelity with leave to amend to allege successor liability on the causes of action by Mulhearn as trustee for breach of contract and declaratory relief. The parties are to bear their costs on appeal.

SEGAL, J.*

We concur:

WOODS, Acting P. J.

ZELON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.